# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2005 DEC 12 ☐ 2: 58

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| ROY T. EVANS, JR.<br>Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:05CV 1180-O |
| J & J TRANS, LLC,<br>Defendants. | ) ) ) | *JURY TRIAL DEMANDED* |

## COMPLAINT

COMES NOW Plaintiff, Roy T. Evans, Jr., against the above-captioned defendants showing unto the Court as follows:

## OVERVIEW

1.

Plaintiff brings this action to recover unpaid overtime brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201, *et seq.*

2.

Plaintiff was an employee of the defendant who was regularly required to work in excess of 40 hours per week. Plaintiff was not paid overtime for all hours worked in excess of 40 hours per week in accordance with the FLSA.

3.

Plaintiff does not qualify for any overtime exempt positions as defined by the FLSA, and would thus be paid overtime in accordance with these laws.

4.

Accordingly, Plaintiff brings this action to recover unpaid overtime compensation under the FLSA.  29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.

Plaintiff was employed by J & J Trans, LLC ( a better denomination of which is unknown at this time) within the meaning of the FLSA during the relevant three-year period.  Said Plaintiff did not properly receive  overtime compensation or benefits for hours worked in excess of 40 hours per week.

6.

Defendant J & J Trans, LLC. is an Alabama corporation registered with the Alabama Secretary of State.  Said Defendant is subject to the personal jurisdiction of this Honorable Court.

7.

This Honorable Court has subject matter jurisdiction over this action under 29 U.S.C. § 216(b).

## COVERAGE UNDER THE FLSA

8.

At all times hereinafter mentioned, Defendant has been  an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9.

At all times hereinafter mentioned, Defendant has been an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203( r).

10.

At all times hereinafter mentioned, Defendant has been and is "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, in that said enterprise "has [and has had] employees engaged in commerce or the production of goods for commerce, or that employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person". 29 U.S.C. § 203(s)(1).

11.

At all times hereinafter mentioned, Plaintiff was an individual employee of Defendant and engaged in commerce or in the production of goods for commerce as required by the FLSA. 29 U.S.C. § 207(a).

12.

Plaintiff has not and does not qualify as member of any of the defined classes of employees who would be exempt from overtime compensation as enumerated in the FLSA. 29 U.S.C. § 213(b).

## **FACTS**

13.

Plaintiff Roy T. Evans, Jr. was employed by Defendant during the year 2005.

14.

Plaintiff spent his time while working for Defendant performing such non-managerial and non-exempt tasks including, but not limited to, the following:

installation of parts;

warehousing;

commercial janitorial services;

and

such other duties as determined by the company on a day to day basis.

## FLSA VIOLATIONS

### 15.

During the relevant time period, Defendant has violated and is violating the provisions of the FLSA, specifically 29 U.S.C. §§ 207 and 215(a)(2), by having employed Plaintiff in an enterprise engaged in commerce or on the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating Plaintiff for hours worked in excess of 40 hours per week at a rate no less than one and one-half their regular pay rate.

### 16.

Defendant knowingly, willfully and/or in reckless disregard of the FLSA failed to pay Plaintiff the overtime compensation due to Plaintiff. The decision by Defendant not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

### 17.

Plaintiff has been damaged thereby. Accordingly, Plaintiff is entitled to his overtime wages in an amount equal to one and one-half times their regular rate, a sum equal to this amount as liquidated damages, and assessed attorneys' fees and costs.

WHEREFORE, Plaintiff prays as follows:

    a) that the Summons and Complaint be served upon Defendant as provided by law;

    b) that Judgment be entered against Defendant holding that Defendant has committed willful violations of the FLSA, as defined by 29 C.F.R. § 578.3 (2005);

c)  that Judgment be entered against Defendant pursuant to 29 U.S.C. § 216(b)

holding said Defendant liable to Plaintiff for unpaid overtime compensation and

an amount equal to the unpaid overtime compensation as liquidated damages;

d)  that Judgment be entered against Defendant awarding Plaintiff attorney's fees and

costs pursuant to 29 U.S.C. § 216(b);

e)  that pre-judgment interest be applied at the statutory rate allowed by Alabama

law;

f)  that post-judgment interest be paid on the amount of judgment from the date of

entry of said Judgment until amounts are fully paid to Plaintiff at the statutory rate

allowed by Alabama law;

g)  that Plaintiff be allowed such other further relief as provided by law.

Respectfully submitted, this _____13th_____ day of December, 2005.

_____
ANDY NELMS (NEL022)

LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733

## *PLAINTIFF DEMANDS TRIAL BY STRUCK JURY*

Defendant may be served at the following:

J & J Trans, LLC
Attn: Shin Jae Cheol
5050 Bell Road
4910-C
Montgomery, AL 36116